**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SAMVEL HOVANISYAN; et al.,

        Petitioners,

   v.

ERIC H. HOLDER Jr., Attorney General,

        Respondent.

No. 07-71811

Agency Nos. A095-605-455
              A095-605-456

MEMORANDUM [*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 12, 2010 [**]
San Francisco, California

Before: HUG, SKOPIL and BEEZER, Circuit Judges.

    Samvel Hovanisyan ("Samvel"), a native of the former USSR and a citizen

of Azerbaijan, and his son Karen Hovanisyan ("Karen"), a native of the former

USSR and a citizen of Armenia or Azerbaijan, petition for review of the Board of

Immigration Appeals' ("BIA") dismissal of their appeal of an Immigration Judge's

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("IJ") decision ordering them removed from the United States. We have jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), and we deny Samvel's and Karen's petition for review. The BIA's adverse credibility finding is supported by substantial evidence.

The facts of this case are known to the parties. We do not repeat them.

## I

"[W]hen the BIA incorporates the IJ's decision as its own, we treat the IJ's reasons as the BIA's." *He v. Ashcroft*, 328 F.3d 593, 595–96 (9th Cir. 2003).

We review findings of fact for substantial evidence.[1] *Zhao v. Mukasey*, 540 F.3d 1027, 1029 (9th Cir. 2008). We will uphold the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Abebe v. Gonzales*, 432 F.3d 1037, 1039–40 (9th Cir. 2005) (en banc) (internal quotation marks omitted).

## II

The BIA's adverse credibility finding is supported by substantial evidence. There are pervasive inconsistencies between the applications and the testimony at the hearing before the IJ. *See Berroteran-Melendez v. INS*, 955 F.2d 1251, 1256

---

[1] 8 U.S.C. § 1252(b)(4)(B) defines the substantial evidence standard by stating that "the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary."

(9th Cir. 1992) (noting that significant inconsistencies between the asylum application and testimony support an adverse credibility finding). Moreover, Samvel and Karen have failed to establish their identities and failed to present evidence that would compel us to conclude that "corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4). On the contrary, the record indicates that Samvel and Karen were given ample time to obtain corroborating evidence from their on-going relations in Armenia and Moscow.

Samvel and Karen simply have not presented sufficient evidence to "compel[]" a finding contrary to that of the IJ. 8 U.S.C. § 1252(b)(4)(B).

**DENIED.**